# Exhibit G



# Student Rules

TEXAS A&M UNIVERSITY

# 24. Student Conduct Code

(Revised: 2024)

The General Order on Judicial Standards of Procedure and Substance in Review of Student Discipline in Tax Supported Institutions of Higher Education supports higher standards of behavior for students. Attendance at a university is not compulsory. The voluntary attendance of a student at a university is a voluntary entrance into the academic community. By such voluntary entrance, the student voluntarily assumes obligations of performance and behavior reasonably imposed by the university. These obligations are generally much higher than those imposed on all citizens by the civil and criminal law. A university may discipline students to secure compliance with these higher obligations as a teaching method or to sever the student from the academic community. The General Order further emphasizes the ability of universities to establish standards of superior ethical and moral behavior that occur either on or off campus.

24.1 Definitions. Only for purposes of this Student Conduct Code, the following terms and definitions will apply. The Vice President for Student Affairs or designee reserves the right to interpret and enforce this Code of Conduct.

> 24.1.1. The term "**accused student**" means any student charged with a violation of a student *rule*.
> 
> 24.1.2. The term "**chairperson**" means a *Student Conduct Administrator* who is authorized by the *Vice President for Student Affairs* or designee to take the lead role in conducting *conferences* when there is more than one person serving as a *Student Conduct Panel* and/or more than one *Student Conduct Administrator* present.
> 
> 24.1.3. The term "**charge**" means an allegation of a potential violation of the Student Rules. Charges are issued after a Student Conduct Administrator has determined sufficient information exists to hold a *conference* to determine whether a student (or students) has violated a *rule* (or *rules*).

24.1.4. The term "**complainant**" means any person who submits information indicating that a *student may* have violated the Student Conduct Code. Information brought forth by the *complainant may* result in an *investigation*.

24.1.5. The term **"conference"** means a process that provides an opportunity for an accused *student* to respond to a specific *charge* or *charges*. The purpose of a *conference* is to determine whether there is a preponderance of information to support the *charges* and if so, to determine the appropriate *sanction* or *sanctions*. Only information presented during the *conference* can be used to determine if there is a finding of responsibility.

24.1.6. The term "**consent**," solely for the purposes of the Sexual Misconduct rule (see *rule* 24.4.20), means clear, voluntary, and positive verbal or non-verbal communication that all participants have agreed to the activity.

- Consent must occur prior to or at the same time as the activity.
- Consent must remain clear, voluntary, and positive throughout the activity.
- Consent must be given for the current activity. The existence of a prior relationship or prior activity does not automatically ensure consent for current or future activity. There must be consent for each specific type of act throughout the activity. Consent must be given by each participant involved.
- A person must be 17 years of age or older to be able to consent to sexual activity if the other participant(s) involved are more than three (3) years of age older than that person.
- A person who is clearly or visibly incapacitated is not able to give consent to sexual activity (see definition of incapacitation below).

24.1.7. The term "**faculty member**" means any person hired by the *University* to conduct classroom, teaching, or research activities or who is otherwise considered by the *University* to be a member of its faculty.

24.1.8. The term "**incapacitation**" means the physical and/or mental inability to make informed, rational judgments. States of *incapacitation* include, but are not limited to, sleep, unconsciousness, and brownouts and blackouts (where an individual is awake but is not forming memories). Where alcohol or other drugs are involved, *incapacitation* is defined with respect to how the substance consumed impacts a person's decision-making capacity, awareness of consequences, and ability to make fully informed judgments.

24.1.9. The term "**investigation**" means the follow through on a complaint to ascertain details and circumstances associated with the complaint. *Investigations may* result in *charges*, a form of alternative dispute resolution, or dismissal of complaint. This determination is made at the sole discretion of the Vice President for Student Affairs or designee responsible for the oversight of the Student Conduct processes.

24.1.10. The term "**may**" is used in the permissive sense.

24.1.11. The term "**member of the University community**" includes any person who is a *student, faculty member, staff, University official* or any other person employed by the *University or by a company contracted to provide services for the University.*

24.1.12. The term "**organization**" means any number of people who meet any single or combination of the following criteria:

- belong to a group whose members are primarily Texas A&M University *students* including but not limited to academic, athletic, recreational, religious, performance, political, and social or similar groups, and/or
- have complied with the formal requirements for *University* recognition, and/or
- are advised by a *University official* whose position description designates them as an advisor, and/or
- are advised by a *University official* who has volunteered as an advisor, and/or
- live in close proximity to, for example, residence hall floors or wings, Corps outfit, Corps unit or Corps Special Activity, and/or
- are otherwise considered by the *University* to be an *organization*.

24.1.13. The term "**retaliation**" means any adverse action taken against a person for making a good faith report of a violation of Texas A&M System policies, university rules, student rules, and/or the law, or for participating in any proceeding related to the investigation or resolution of such report. Retaliation includes threatening, intimidating, harassing, coercing or any other conduct that would discourage a reasonable person from engaging in activity protected under this policy. Retaliation may be present even where there is a decision of "unsubstantiated," "insufficient information to substantiate," "not responsible," and/or "not guilty" on the allegations. Retaliation does not include good faith actions lawfully pursued in response to a report. Violation of an interim, remedial, or protective measure will be considered retaliation.

24.1.14. The term "**sanction**" includes responses or requirements given by the *University* to a *student* during a *conference* in response to a violation of a *rule*. *University sanctions* include all items listed in Section 27 of this Student Conduct Code.

24.1.15. The term "**shall**" is used in the imperative sense.

24.1.16. The term "**staff**" means any person who is employed by the *University* that is not defined as *faculty.*

24.1.17. The term "**student**" includes all persons who have accepted their offer of admission, and/or who are taking courses at the *University*, either full-time or part-time, pursuing undergraduate, graduate, or professional studies and who are either currently enrolled or

were enrolled the previous semester and registered for a future semester. Persons who withdraw after allegedly violating the Student Conduct Code, or who are not officially enrolled for a particular term but who have a continuing relationship with the *University* are considered *students*. In addition, persons who are living in University residence halls and apartments, although not enrolled in this *institution*, are also considered "*students*", for the purpose of enforcing this code.

24.1.18. The term "**Student Conduct Administrator**" means a *University official* authorized by the *Vice President for Student Affairs* or designee to collect information, to initiate *charge* letters, articulate *charges* in conferences, present information to support *charge*s, to conduct *conferences*, and to impose *sanctions* upon any *student*(*s*) found to have violated the Student Conduct Code. The Vice President for Student Affairs or designee may authorize a *Student Conduct Administrator* to serve simultaneously as a *Student Conduct Administrator* as the sole member, or one of the members of a *Student Conduct Panel*.

24.1.19. The term "**Student Conduct Panel**" means any person or persons authorized by the *Vice President for Student Affairs* or designee to determine whether a *student* has violated the Student Conduct Code and to determine *sanctions* that *may* be imposed when a *rule* violation has been committed (or found responsible).

24.1.20. The term "**rule**" encompasses those behavior expectations contained in, but not limited to, the Student Rules, Residence Hall handbook, University Apartment Handbook, the Standard of the Corps of Cadets, and the University Computer Use and Resource Rules. These rules should be read broadly and are not designed to define prohibited conduct in exhaustive terms.

24.1.21. The term "**university**" or "**institution**" means Texas A&M University.

24.1.22. The term "**University official**" means any person employed by the *University* to perform assigned administrative or professional responsibilities or who is otherwise considered by the *University* to be a *University official*.

24.1.23. The term "**University premises**" includes all land, buildings, facilities, and other property in the possession of or owned, leased, operated, supervised, used or controlled by the *University* (including adjacent streets and sidewalks)

24.1.24. The **Vice President for Student Affairs** is that person designated by the *University* President to be responsible for the administration of the Student Conduct Code. The Vice President for Student Affairs *may* assign a designee to meet these responsibilities.

24.2 Student Conduct Authority

24.2.1. The Vice President for Student Affairs or designee *shall* develop procedures for the administration of the student conduct system and for the implementation of Student Conduct Conferences that are consistent with provisions of the Student Conduct Code.

24.2.2. The Vice President for Student Affairs or designee *shall* determine the composition of *Student Conduct Panel*(s) and determine which *Student Conduct Panel*, *Student Conduct Administrator* and Appeal Panel *shall* be authorized to hear each matter.

24.2.3. Decisions made by a *Student Conduct Panel* and/or *Student Conduct Administrator shall* not be final until the appeal processes have been exhausted, waived, or time has expired.

24.3. Jurisdiction of the Student Conduct Code The Student Conduct Code *shall* apply to conduct that occurs on *University premises* and/or at *University* sponsored activities or any other activity that adversely affects the *University* community and/or the pursuit of its objectives (mission). This action *may* be taken for either affiliated or non-affiliated activities. The *University may* take action in situations occurring off *university premises* involving: student misconduct demonstrating flagrant disregard for any person or persons; or when a *student*'s or student *organization*'s behavior is judged to threaten the health, safety, and/or property of any individual or group; and/or when a student's sexual harassment of a *Member of the University Community* occurring off campus creates a hostile environment on campus.. Using the Vice President for Student Affairs' discretion, the Vice President for Student Affairs or designee *shall* decide whether the Student Conduct Code *shall* be applied to conduct occurring off campus, on a case-by-case basis. This Student Conduct Code applies at all locations of the *University*, except those campuses who write their own student conduct code.

24.4 Rules and Regulations Conduct standards at the *University* are set forth in writing in order to give *students* general notice of prohibited conduct. These rules should be read broadly and are not designed to define prohibited conduct in exhaustive terms. Any *student* found to have committed or to have attempted to commit the following misconduct is subject to the disciplinary *sanctions* outlined in Section 27. It *shall* not be a defense that a *University official*, student leader or other person authorized the behavior in question:

24.4.1. **Dishonesty.** Acts of dishonesty, including but not limited to the following:

- Withholding material information from the *University*, misrepresenting the truth during a *University investigation* or student conduct conference, and/or making false statements to any *University officials or*, law enforcement officer, in the course of their duties.
- Furnishing false information to and/or withholding information from any University official, faculty member, office, or law enforcement officers in the course of their duties.
- Forgery, alteration, possession, or misuse of any *University* document, record, or instrument of identification.

- The submission of false information at the time of admission or readmission is grounds for rejection of the application, withdrawal of any offer of acceptance, cancellation of enrollment, dismissal or other appropriate disciplinary action.

24.4.2. **Harassment.** Behavior that is severe, pervasive, or persistent to a degree that a reasonable person similarly situated would be prevented from accessing an educational opportunity or benefit. This behavior includes, but is not limited to, verbal abuse, threats, intimidation, and coercion. In addition, harassment *may* be conducted by a variety of mediums, including but not limited to, physical, verbal, graphic, written, or electronic. (Please see University Rule 08.01.01.M1. for harassment based on a person's protected status).

24.4.3. **Physical abuse.** Any attempt to cause injury or inflict pain; or causing injury or inflicting pain. Also causing physical contact with another when the person knows or should reasonably believe that the other will regard the contact as offensive or provocative. It is not a defense that the person, group, or *organization* against whom the physical abuse was directed consented to, or acquiesced to, the physical abuse.

 The physical abuse *rule* is not intended to prohibit the following conduct:

- Customary public athletic events, contests, or competitions that are sponsored by the *University* or the organized and supervised practices associated with such events; or
- Any activity or conduct that furthers the goals of a legitimate educational curriculum, a legitimate extracurricular program or a legitimate military training program as defined and approved by the *University*.

24.4.4. **Theft/Damages.**

> 24.4.4.1. **Theft**. Unauthorized removal or stealing and/or attempted removal or stealing of property of a *member of the University community* or other personal or public property, on or off campus. This includes knowingly possessing such stolen property. This also includes theft of services and/or misuse of another's property including, but not limited to, unauthorized use of another's property, unauthorized selling of subsidized tickets, and use of a forged parking permit.

> 24.4.4.2. **Damages.** Behavior that destroys, damages, or litters any property of the *University*, of a *University* community member, of another institution, or of another person, on or off campus (as permitted in section 24.3.) is prohibited under this *rule*.

24.4.5. **Organization Affiliation Misconduct** means any intentional, knowing, or reckless act, occurring on or off any campus of Texas A&M University, by one person alone or acting with others, directed against an individual for the purpose of pledging, being initiated into, affiliating with, holding office in, or maintaining membership in an organization; or as part of any activity

of a recognized student organization, student group, Corps of Cadets, Corps outfit, Corps unit, Corps Special Activities, or Athletics that meets the criteria of: 24.4.5.1. Hazing; and/or 24.4.5.2. Organization-Related Intimidation and/or Abuse.

A student is responsible for Organization Affiliation Misconduct if the student:

- engages in Organization Affiliation Misconduct;
- solicits, encourages, directs, aids, or attempts to aid another in engaging in Organization Affiliation Misconduct;
- recklessly permits Organization Affiliation Misconduct to occur; or
- has firsthand knowledge of the planning of a specific Organization Affiliation Misconduct incident involving a student or has firsthand knowledge that a specific Organization Affiliation misconduct incident has occurred and knowingly fails to report that knowledge to the vice President for Student Affairs or other appropriate official off the institutions, a peace officer, or a law enforcement agency.

There are two types of Organization Affiliation Misconduct, based on the conduct and potential resulting harm:

> 24.4.5.1 **Hazing** is Organization Affiliation Misconduct that includes:
>
>> 24.4.5.1.1 any type of physical brutality, such as whipping, beating, striking, branding, electronic shocking, placing of a harmful substance on the body, or similar activity;
>>
>> 24.4.5.1.2 sleep deprivation, exposure to the elements, confinement in a small space, calisthenics, or other similar activity that subjects the individual to an unreasonable risk of harm or that adversely affects the mental or physical health or safety of the individual;
>>
>> 24.4.5.1.3 consumption of a food, liquid, alcoholic beverage, liquor, drug, or other substance, other than as described by 24.4.5.1.5., that subjects the individual to an unreasonable risk of harm or that adversely affects the mental or physical health or safety of the individual;
>>
>> 24.4.5.1.4 any activity that induces, causes, or requires the individual to perform a duty or task that involves a violation of a criminal law or university rule that implicates a criminal law; or
>>
>> 24.4.5.1.5 coercion of the individual to consume:
>> (a) a drug; or
>> (b) an alcoholic beverage or liquor in an amount that would lead a reasonable person to believe that the individual is intoxicated.

"Coercion" means a threat, however communicated, to commit a violation of a criminal law or university rule that implicates a criminal law; inflict bodily injury in the future on the person threatened or another; accuse a person of any criminal offense or violation of university rule; expose a person to hatred, contempt, or ridicule; harm the credit or professional repute of any person; or take or withhold action as a public servant, or to cause a public servant to take or withhold action.

Conduct constituting Hazing may also be a violation of Texas state law (see Tex. Educ. Code §37.151 and §51.936).

24.4.5.2. **Organization-Related Intimidation and/or Abuse** is Organization Affiliation Misconduct that does not rise to the level of Hazing and includes, but is not limited to:

24.4.5.2.1 conduct that endangers the mental or physical health or safety of the individual

24.4.5.2.2. behavior that is severe and/or persistent to a degree that a reasonable person similarly situated would be prevented from accessing an educational opportunity or benefit. This behavior includes, but is not limited to, verbal abuse, deceit, threats, intimidation, and unreasonable requirements for new and continued membership of an organization;

24.4.5.2.3. confining a person or exposing participants to uncomfortable elements such as environments that are too hot, cold, noisy, small, or intimidating;

24.4.5.2.4. parading individuals in public areas, transporting individuals in a motor vehicle while wearing a visual obstruction, or privately conducting visually obstructed activities that serve no constructive purpose;

24.4.5.2.5. encouraging or requiring a person to publicly carry objects or wear apparel that is abnormal, not normally in good taste, conspicuous, and/or indecent;

24.4.5.2.6. destroying or removing public or private property;

24.4.5.2.7. any activity that induces, causes, or requires the individual to perform a duty or task that involves a violation of a university rule that does not implicate a criminal law;

24.4.5.2.8. soliciting, encouraging, directing, aiding, or attempting to aid another in engaging in intimidation or harassment; or

24.4.5.2.9. assisting, directing, or in any way causing others to participate in degrading behavior and/or behavior that causes ridicule, humiliation, or embarrassment.

Previously practiced "traditions" (including Corps of Cadets, fraternity/sorority, or any other group or organization activity, practice or tradition) or coercion by current or former members or student leaders of the involved organization, will not suffice as a justifiable reason for participation in Organization Affiliation Misconduct. It is not a defense that the person (or group) against whom the Organization Affiliation Misconduct was directed consented or acquiesced to the behavior in question.

Students who are recipients and/or victims of Organization Affiliation Misconduct and who have not perpetrated Organization Affiliation Misconduct on others involved in the fact pattern for which they are reporting, and who report the activities to the Vice President for Student Affairs or designee responsible for oversight of the student conduct processes and/or the University Police Department, will not be charged with a violation of the Organization Affiliation Misconduct rule.

The Organization Affiliation Misconduct rule is not intended to prohibit the following conduct:

- Customary public athletic events, contests, or competitions that are sponsored by the University or the organized and supervised practices associated with such events; or
- Any activity or conduct that furthers the goals of a legitimate educational curriculum, a legitimate extracurricular program or a legitimate military training program as defined and approved by the University.

24.4.6. **Failure to comply.** Failure to comply with proper and lawful direction of any *University official* or law enforcement officer.

24.4.6.1. **Evading**. Intentionally fleeing from a *University official* or law enforcement officer when the person knows or reasonably should have known the *University official* or law enforcement officer is attempting to confront, arrest, or detain.

24.4.7. **Failure to present identification.** Failure to provide identification upon the request of a *University official*.

24.4.8. **Breaching safety or security**. This includes but is not limited to: Unauthorized access to *University* facilities; unauthorized entry into or use of *University premises*; intentionally damaging door locks; unauthorized possession of *University* keys or access cards; duplicating *University* keys or access cards; propping open of exterior residence hall or other

campus building doors, tampering with fire safety equipment such as fire extinguishers, smoke detectors, alarm pull stations, gas detectors, or emergency exits; and/or unauthorized entry into another person's or entity's residence, vehicle, or business.

24.4.9. **Violation of published University rules.** Violation of any *University* policy, *rule*, or regulation published in hard copy or available electronically on the *University* website. Such rules include, but are not limited to, Residence Life contracts and rules, Corps of Cadets rules, *University* motor vehicle rules, rules relating to the use of student identification cards, entry and use of *University* facilities and dining hall conduct.

24.4.10. **Violation of NCAA Regulations.** Violations of any NCAA regulations.

24.4.11. **Violation of law.** Violation(s) of any federal, state or local law.

24.4.12. **Drugs.** The act of using, possessing, being under the influence of, manufacturing, or distributing illegal drugs or illegally obtained/possessed controlled substances is prohibited. Abusing legally obtained drugs by failing to take the drug as directed. Except as expressly permitted by law, use, possession, manufacturing, or distribution or being a party thereto of marijuana, heroin, narcotics, or other controlled and/or prescribed substances and/or drug paraphernalia and/or dangerous drug is also prohibited. Individuals may not operate a motor vehicle or another form of transportation while under the influence of drugs or while intoxicated. (See **Appendix VII, Texas A&M University Drug Rules (https://student-rules.tamu.edu/append7)** )

24.4.13. **Alcohol.** Alcohol use, possession, manufacturing, or distribution of alcoholic beverages (except as expressly authorized by *University* regulations), is prohibited on Texas A&M *University premises* and *University* sponsored events. In addition, use, possession, or distribution of alcohol beverages while driving or riding in or on a vehicle on *University premises* is prohibited. Alcoholic beverages may not, in any circumstance, be used by, possessed by, or distributed to any person under twenty-one (21) years of age. Individuals may not be in a state of public intoxication or drunkenness. Individuals may not operate a motor vehicle or another form of transportation while intoxicated or while under the influence of alcohol (See **Appendix VIII, Texas A&M University Alcohol Rules (https://student-rules.tamu.edu/append8)**).

24.4.14. **Weapons and explosives.** Illegal or unauthorized use, possession, or storage of fireworks or explosives, other weapons, or dangerous chemicals on *University premises* or at any *University*-sponsored activity is prohibited. In addition, use of any such item, even if legally possessed, in a manner that harms, threatens or causes fear to others is prohibited. The term weapon is defined as any object or substance designed or used to inflict a wound, to cause or threaten injury , or to incapacitate. Weapons may include, but are not limited to, all firearms, pellet guns, tasers, stunguns, slingshots, martial arts devices, switchblade knives and clubs.

24.4.15. **Disruptive activity.** Disruption or obstruction of teaching, research, administration, or other *University* activities (including public-service functions on or off campus) or of other authorized non-*University* activities when conduct occurs on *University premises*. Such activities *may* include, but are not limited to:

- Leading or inciting others to disrupt scheduled and/or normal activities on *University premises*.
- Classroom behavior that seriously interferes with either (a) the *faculty member*'s ability to conduct the class or (b) the ability of other *students* to profit from the instructional program. (See Texas A&M University Rule on **Classroom Behavior, section 21 (https://student-rules.tamu.edu/rule21)** of this publication.)
- Any behavior in class or out of class, which for any reason interferes with the class work of others, involves disorder, or otherwise disrupts the regular and essential operation of the *University*.
- Activity or conduct that violates the Texas A&M University Rules on Freedom of Expression (See **Appendix XI (https://student-rules.tamu.edu/append11)**).

24.4.16. **Traffic obstruction.** Obstruction of the free flow of pedestrian or vehicular traffic on *University premises* or at *University*-sponsored or supervised activities.

24.4.17. **Disorderly conduct.** Public behavior that is disruptive, lewd, or indecent; breach of peace; or aiding, or procuring another person to breach the peace on University premises or at functions sponsored by the *University* or participated in by members of the *University* community.

24.4.18. **Unauthorized recording**. Any unauthorized use of electronic or other devices to make an audio, video, still frame or photographic record of any persons without their prior knowledge, or without their effective consent when the person or persons being recorded have a reasonable expectation of privacy and/or such recording is likely to cause injury or distress. This includes, but is not limited to, surreptitiously taking pictures of another person in a gym, locker room, or restroom or recording administrative meetings with *University officials*. If a recording is made that captures a violation of the Student Rules or law, the *Student Conduct Administrator may* elect not to enforce this section of the Student Rules against the *student* making the recording.

24.4.19. **Misuse of Computing Resources.** Failure to comply with *University* regulations and policies, license agreements, and contracts governing network, software and hardware use; abuse of communal resources; use of computing resources for unauthorized commercial purposes or personal gain; failure to protect your password or use of your account; breach of computer security, harmful access or invasion of privacy. Misuse and/or other abuse of computer facilities and resources including, but not limited to:

- Use of another individual's identification and/or password.
- Use of computing facilities and resources to send obscene or threatening messages.
- Use of computing facilities and resources in violation of copyright laws.

(see Appendix V, Individual Responsibility for Use of Computing Resources)

24.4.20. **Sexual Misconduct.**

> **24.4.20.1. Sexual contact.** Attempting or making sexual contact, including but not limited to, inappropriate touching without the person's consent (see "consent" definitions), or in circumstances where the person is physically, mentally or legally unable to give consent when the behavior is not so severe, pervasive, or persistent to create a work, educational, or campus living environment that a reasonable person would consider intimidating, abusive, or offensive or sexual exploitation as defined in Texas A&M University System Regulation 08.01.01. (For sex-based behaviors that are sever, persistent, or pervasive to create a work, education, or campus living environment that a reasonable person would consider intimidating, abusive, or offensive; sexual exploitation; sexual assault; or sexual harassment; please see System Texas A&M University System Regulation 08.01.01. and University Rule 08.01.01.M1.)

24.4.21. **Animal Cruelty.** Intentionally, knowingly, or recklessly torturing or in a cruel manner killing or causing serious bodily injury to an animal, failing to provide necessary food, water or care for an animal in the person's custody, abandoning unreasonably an animal in the person's custody, transporting or confining an animal in a cruel manner, causing bodily injury to any animal without the owner's *consent*, causing one animal to fight with another animal, or seriously overworking an animal. Intentionally, knowingly, or recklessly attacking, injuring or killing an assistance animal or inciting another to attack, injure or kill an assistance animal.

This policy is not intended to prohibit:

- Killing or injuring an animal within the scope of a person's employment or furthering the goals of legitimate educational curriculum as designed and approved by the *University*.
- Killing or injuring an animal when the actor had a reasonable fear of bodily injury to self or other person by that animal.

24.4.22. **Reckless driving**. Driving in a manner that recklessly endangers the health and/or safety of oneself or others.

24.4.23. **Abuse of process**. Abuse of the student conduct, disciplinary and/or legal processes including, but not limited to, *investigations*, *conferences*, and appeals. Prohibited behavior includes, but is not limited to:

- Failure to obey the notice from a *Student Conduct Panel*, *Student Conduct Administrator*, and/or *University official* to appear for a meeting or *conference* as part of an official *University* disciplinary process.
- Falsification, distortion, or misrepresentation of information.
- Disruption or interference with the orderly conduct of an *investigation*, *conference*, or an appeal process.
- Intentionally initiating or causing to be initiated any false report.
- Attempting to discourage an individual's proper participation in, or use of, a student conduct, disciplinary, or legal process.
- Attempting to influence the impartiality of a member of a *Student Conduct Panel* prior to, and/or during the course of, the *Student Conduct Panel*
- Verbal or physical intimidation, and/or retaliation of any party to the Student Conduct proceeding prior to, during, and/or afterwards.
- Committing a violation of *University* rules while serving a conduct probation, conduct review, or deferred suspension status or failing to meet deadlines imposed in accordance with *University*
- Failure to abide by the terms of *University* administered *sanctions*.
- Influencing or attempting to influence another person to commit an abuse of the Student Conduct Code system.

24.4.24. **Complicity.** Attempting, aiding, abetting, conspiring, hiring or being an accessory to any act prohibited by this code *shall* be considered to the same extent as completed violations.

24.5. **Bias-Related Violations**–Violations of 24.4 of this Student Conduct Code that are motivated by prejudice toward a person or group because of factors such as race, religion, ethnicity, disability, national origin, age, gender or sexual orientation *may* be assessed an enhanced *sanction* as prescribed in section 27 of this publication.

24.6. **Violations of Law and University Discipline** The focus of inquiry in student conduct proceedings *shall* be the determination of whether a violation of University rules occurred. Student conduct proceedings *shall* be informal in nature and need not comply with the formal processes associated with the criminal and civil courts, nor *shall* deviations from prescribed process necessarily invalidate a decision or proceeding unless significant prejudice to the *student* or *University may* result. Standards outlined by the *University* for *students may* be higher than those standards set for the general population. As each person is subject to multiple layers of expectations through the Federal, State, County and local governments, *students* are further expected to maintain a higher standard of behavior as members of the *University* community. *Students* failing to adhere to those standards *may* be subject to a University conduct process in addition to civil or criminal litigation should the behavior also be a potential violation of the law. The attempted analogy of student discipline to criminal proceedings

against adults and juveniles is not sound. *Students may* be charged with conduct that potentially violates both the criminal law and this Student Conduct Code (that is, if both possible violations result from the same factual situation) without regard to the pendency of civil or criminal litigation in court or criminal arrest and prosecution. Proceedings under this Student Conduct Code *may* be carried out prior to, simultaneously with, or following civil or criminal proceedings off campus at the discretion of Vice President for Student Affairs or designee. Determinations made or *sanctions* imposed under this Student Conduct Code *shall* not be subject to change because criminal *charges* were dismissed, reduced, or resolved in favor of or against the criminal law defendant. When a *student* is charged by federal, state, or local authorities with a violation of law, the *University* will not request or agree to special consideration for that individual because of that individual's status as a *student*. If the alleged offense is also being processed under the Student Conduct Code, the *University may* advise off-campus authorities of the existence of the Student Conduct Code and of how matters are typically handled within the *University* community. The *University* will attempt to cooperate with law enforcement and other agencies in the enforcement of criminal law on campus.

24.7 **Amnesty**

> 24.7.1 **Amnesty relating to sexual harassment, sexual assault, dating violence, and stalking.** Texas A&M University will "not take any disciplinary action against a student enrolled at the institution who in good faith reports to the institution being the victim of, or a witness to, an incident of sexual harassment, sexual assault, dating violence, or stalking [as defined in System Regulation 08.01.01, *Civil Rights Compliance*], for a violation by the student of the institution's code of conduct occurring at or near the time of the incident, regardless of the location at which the incident occurred or the outcome of the institution's disciplinary process regarding the incident, if any." (Texas Education Code Sec. 51.284).

This amnesty does not apply in situations where:

> (a) A student "reports the student's own commission or assistance in the commission of sexual harassment, sexual assault, dating violence, or stalking" [as defined in System Regulation 08.01.01]; or
> (b) A student's behavior occurring near or at the time of the incident could result in a suspension or expulsion from the university. For the purposes of this rule, suspension or expulsion may be possible outcomes when the student's behavior:
>
> - Threatens or endangers the physical or mental health and/or safety of other individuals;
> - Causes significant property damage or loss;
> - Causes significant burden on the university and/or community members to repair the harm caused by the behavior;

- Would cause a reasonable person similarly situated to fear for their safety or suffer substantial emotional distress;
- Causes significant disruption that limits others' ability to access the academic, co-curricular, or work environment; or
- Has demonstrated a pattern of failure to comply with university behavioral expectations;

Staff in the Student Conduct Office "may investigate to determine whether a report of an incident of sexual harassment, sexual assault, dating violence, or stalking was made in good faith" (Texas Education Code Sec. 51.284(b)). A determination by the Vice President for Student Affairs or designee responsible for oversight of the student conduct processes that a student is entitled to amnesty is final and may not be revoked. All questions of implementation of this amnesty rule are subject to the decision of the Vice President for Student Affairs or designee responsible for oversight of the student conduct processes.

> 24.7.2 **Amnesty pertaining to alcohol and other drugs.** A student who calls 9-1-1 or takes an individual to receive emergency treatment for possible alcohol and/or drug overdose will not be charged under this code for possession or use of alcohol or other drugs. This amnesty only applies if:
>
> (a) The student stays with the individual needing treatment until emergency services arrive;
> (b) The student takes reasonable measures to assist the individual needing treatment; and
> (c) The student is cooperative with emergency services and university processes.

**Propose a Student Rule Revision (https://student-rules.tamu.edu/propose/revision/?title=Student Conduct Code&section=)**