UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| TEXAS A&M QUEER EMPOWERMENT COUNCIL,<br><br>    *Plaintiff*,<br><br>v.<br><br>WILLIAM "BILL" MAHOMES, ROBERT L. ALBRITTON, DAVID C. BAGGETT, JOHN W. BELLINGER, JAMES R. "RANDY" BROOKS, JAY GRAHAM, MICHAEL A. "MIKE" HERNANDEZ III, MICHAEL J. PLANK, SAM TORN, and CAGE SAWYERS in their official capacities as members of the Board of Regents of the Texas A&M University System; JOHN SHARP, in his official capacity as Chancellor of the Texas A&M University System, and MARK A. WELSH III, in his official capacity as President of Texas A&M University,<br><br>    *Defendants.* | CASE NO. 4:25-cv-992 |

**DEFENDANTS' OPPOSED MOTION TO STAY PROCEEDINGS**

Defendants respectfully request that this Court enter a docket management order staying discovery and other proceedings in this matter pending a decision of the United States Court of Appeals for the Fifth Circuit in either *Spectrum WT v. Wendler*, No. 23-10994, or *Woodlands Pride, Inc. v. Paxton*, No. 23-20480. The resolution of either of these cases in the Fifth Circuit will likely create case law that is both binding on this Court and is determinative of all or some of the issues involved in Defendants' pending appeal in this case. Accordingly, Defendants respectfully request that this Court stay all proceedings in this case until 30 days following a decision in either *Spectrum* or *Woodlands Pride*, at which time parties will submit a joint status report detailing the effect of such a decision and proposed next steps in this litigation.

1

## I. BACKGROUND

On March 24, 2025, the Court declared that the Board Defendants' Resolution of February 28, 2025—which prohibited certain types of drag shows in certain limited forums on Texas A&M University System campuses—to be an unconstitutional restriction on speech and in violation of the First Amendment. *See* Memorandum and Opinion, ECF No. 24; Order of Injunction, ECF No. 25. The Court ordered Defendants to permit the "Draggieland" event to occur on March 27, 2025, in the Rudder Theatre on Texas A&M's main campus in College Station. *Id*. The Court ordered that a preliminary injunction take immediate effect and remain in effect "until further order of this court." ECF No. 25. On March 28, 2025, Defendants filed a notice of appeal. ECF No. 26.

Two other cases involving similar issues are presently before the Fifth Circuit. The first case, *Spectrum WT v. Wendler*, No. 23-10994 ("*Spectrum*") (appealed from USDC Civil No. 2:23-cv-48, Northern District of Texas), involves a Texas A&M student group dedicated to LGBTQ+ causes that wished to hold a charity drag show and was prohibited from doing so by an unenjoined policy of West Texas A&M University. The issues presented in *Spectrum* are nearly identical to the ones presented in this case. Oral argument before the Fifth Circuit occurred on April 24, 2024, and a decision is expected soon. The second case, *Woodlands Pride, Inc. v. Paxton*, No. 23-20480 ("*Woodlands Pride*") (appealed from USDC No. 4:23-cv-2847, Southern District of Texas), involves a challenge to Senate Bill 12, which imposed a so-called "Drag Ban." *Woodlands Pride* does not involve Texas A&M or any other college campus directly, but the issues raised in the case will impact the arguments in the present lawsuit. Oral argument was heard before the Fifth Circuit on October 24, 2024.

Defendants move for a docket management stay until the Fifth Circuit issues an opinion in one or both of the above-referenced cases. Staying the case pending appeal of these cases will promote judicial efficiency and conserve the parties' resources by alleviating the need at this time for discovery or briefing. Plaintiff will suffer no prejudice from continuing the stay, nor will the stay grant either party any tactical advantage.

## II. LEGAL STANDARD

The district court possesses "inherent authority to stay federal proceedings pursuant to its docket management powers." *Ernest Bock, LLC v. Steelman*, 76 F.4th 827, 842 (9th Cir. 2023); *see also Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987). A district court "may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Mediterranean Enters., Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983) (citation omitted). And of course, the Court always possesses a general discretionary power to stay proceedings for the control of its docket and in the interest of justice. *E.g.*, *Hines v. D'Artois*, 531 F.2d 726, 733 (5th Cir. 1976). The decision to stay proceedings calls for the exercise of judgment, which must weigh competing interests and maintain an even balance. *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936).

Further, under Fed. R. Civ. P. 26(c), a court may, "for good cause," issue an order staying discovery. A pending appeal in a related case can be good cause. *See 605 Fifth Prop. Owner, LLC v. Abasic,* 2021 WL 2737391 at *4 (S.D.N.Y. June 30, 2021) (granting motion to stay pending resolution of appeal in related case). A court determining a request for a stay "should consider multiple factors, including the breadth of discovery sought, the burden of responding to it, the prejudice that would result to the party opposing the stay, and the strength of the pending motion forming the basis of the request for stay." *Shulman v. Becker & Poliakoff, LLP*, 2018 WL 4938808 at *2 (S.D.N.Y. Oct. 11, 2018) (internal quotations omitted).

The courts have identified three non-exclusive factors to be weighed when deciding whether to issue a docket management stay: (1) the possible damage which may result from the granting of a stay; (2) any hardship or inequity which a party may suffer in being required to go forward; and (3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law. *Ernest Bock*, 76 F.4th at 842.

### III. RELEVANT CASES PENDING IN THE FIFTH CIRCUIT JUSTIFY A STAY.

**A. A stay is likely to be brief.**

As stated above, oral arguments in the *Spectrum* case cited above were heard in April of 2024, and Defendants anticipate that a decision on the merits from the Fifth Circuit will be issued quickly. The expected delay in the present case—especially when weighed with the probability that the expected ruling or rulings will be determinative—is minimal. The passage of a "reasonable amount of time, without any other form of attendant prejudice," cannot itself constitute prejudice sufficient to defeat a motion to stay discovery; "[o]therwise, stays of discovery would never be granted given that some delay is inherent in any stay." *O'Sullivan v. Deutsche Bank AG*, 2018 WL 1989585 at *9 (S.D.N.Y. Apr. 26, 2018); *see also In re Initial Pub. Offering Sec. Litig.*, 236 F. Supp. 2d 286, 287 (S.D.N.Y. 2002).

The anticipated rulings from the Fifth Circuit in the *Spectrum* and *Woodlands Pride* cases may well be determinative, and no discovery may be necessary at all. Alternatively, the decision is expected to at least narrow any issues where discovery might be appropriate, saving the parties and the Court much in the way of time and resources. A stay of proceedings under these circumstances is reasonable and warranted.

**B. A stay would result in no damage or prejudice to Plaintiffs.**

Plaintiff in this case is an organization; the lawsuit was not brought by or on behalf of specific students, but by the Council that puts on periodic shows and events such as the one at issue. A brief delay in discovery will not work any prejudice on the organization or cause it any harm. Any documents that might be relevant to the lawsuit can be preserved by a litigation hold and the threat of potential spoliation instructions. Plaintiff has existed as an organization on campus for several years (ECF 1 at ¶ 63) and consists of both undergraduate and graduate students to manage the organization's litigation. *Id.* at ¶ 93. There is no danger of material communications or other documentation being lost or destroyed. Likewise, Plaintiffs are not likely to schedule another drag show covered by the Resolution until the next annual production of Draggieland,

4

which will not be held until Spring 2026. No discovery or other actions would be necessary or expected prior to that time—but a decision resolving either *Spectrum*, *Woodlands Pride*, or both is expected by that time.

Similarly, the University is also not an individual and has a number of administrative executives and employees that will remain at the University and be available in the event that any depositions or testimony in necessary. A delay in discovery to await guidance from the appellate court provides no unfair advantage to Defendants and causes Plaintiff no harm. Only having to go through discovery once would save all parties time and expense.

### C. A stay will simplify issues and conserve judicial resources.

Staying this case pending the Fifth Circuit's decision in one or both of the now-pending *Spectrum* and *Woodlands Pride* cases is expected to clarify the scope of the issues and could eliminate the need for a trial altogether. Should the Fifth Circuit's rulings prove determinative, continuing the present litigation would result in unnecessary duplication of efforts and expense. See, e.g., *NFC Tech. LLC v. HTC Am., Inc.*, 2015 WL 1069111 at *4 (E.D. Tex. Mar. 11, 2015); *Kustom Signals, Inc. v. Applied Concepts, Inc.*, 2024 WL 3434570 at *2–3 (N.D. Tex. July 16, 2024). Even if not determinative on all issues, rulings from the Fifth Circuit would likely significantly reduce the number of issues requiring briefing and argument. A district court may stay a case "pending resolution of independent proceedings which bear upon the case," even if such proceedings would not result in controlling rulings. *Leyva v. Certified Grocers of California*, Ltd., 593 F.2d 857, 863-864 (9th Cir. 1979). Because the above-referenced Fifth Circuit decisions must address issues substantially similar to those presented in this action, the parties could receive "considerable assistance in resolving" this action from the assessment of common issues. *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005). A stay under the present circumstances therefore serves the interests of the parties and the judicial system in conserving resources and avoiding potentially conflicting rulings.

Additionally, the present case is relatively new and is still in the early stages of litigation.

5

This too weighs in favor of granting a stay to avoid expense and the waste of judicial resources. *See VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1317 (Fed. Cir. 2014) (noting that a case "was still at its infancy" when "discovery had not yet begun and no trial date had been set," which favors granting a stay); *Norman IP Holdings, LLC v. TP-Link Techs., Co.*, 2014 WL 5035718 at *3 (E.D. Tex. Oct. 8, 2014).

## Conclusion

For these reasons, Defendants respectfully request this Court stay proceedings while the Fifth Circuit considers the above related cases and issues an opinion, and for such other and further relief, either at law or in equity, as to which they are justly entitled.

Dated April 24, 2025

Ken Paxton
Attorney General

Brent Webster
First Assistant Attorney General

Ralph Molina
Deputy First Assistant Attorney General

Ryan D. Walters
Deputy Attorney General for Legal Strategy

Respectfully submitted,

Ryan G. Kercher
Chief, Special Litigation Division
Texas Bar No. 24060998
SDTX No. 882329

/s/ Zachary Berg
Zachary Berg
Special Counsel
Tex. State Bar No. 24107706
SDTX No. 3481711

Mark A. Csoros
Assistant Attorney General
Texas State Bar No. 24142814
SDTX No. 3896171

Office of The Attorney General of Texas
Special Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Telephone.: (512) 463-2100
zachary.berg@oag.texas.gov
mark.csoros@oag.texas.gov
ryan.kercher@oag.texas.gov

Counsel for Defendants

## CERTIFICATE OF CONFERENCE

I certify that on April 18, 2025, I conferred with Adam B. Steinbaugh, counsel for Plaintiff, via a Teams video conference regarding this motion. Plaintiff opposes the requested stay.

/s/ Zachary Berg
ZACHARY BERG
Special Counsel

## CERTIFICATE OF SERVICE

I certify that a true and accurate copy of the foregoing document was filed electronically (via CM/ECF) on April 24, 2025 and that all counsel of record were served by CM/ECF.

/s/ Zachary Berg
ZACHARY BERG
Special Counsel