IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Texas A&M Queer Empowerment Council, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:25-cv-992 |
| | § | |
| William "Bill" Mahomes, et al., | § | |
| | § | |
| Defendant(s). | § | |

JOINT DISCOVERY/CASE MANAGEMENT PLAN
UNDER RULE 26(f)
FEDERAL RULES OF CIVIL PROCEDURE

Please restate the instruction before furnishing the information.

1. **State when and how the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party.**

   The Rule 26(f) conference was held via video conferencing on April 17, 2025, at 1:00 p.m. Central Daylight Time. Plaintiff was represented by Adam Steinbaugh, JT Morris, and Jeff Zeman. Defendants were represented by Zachary Berg and Mark Csoros.

2. **List the cases related to this one that are pending in any state or federal court, with the case number and court.**

   *Spectrum WT v. Wendler* is pending in the U.S. District Court for the Northern District of Texas (No. 2:23-cv-48) and in the U.S. Court of Appeals for the Fifth Circuit (No. 23-10994). That action involves a 2023 prohibition on student drag performance by the president of West Texas A&M University.

   *Woodlands Pride, Inc. v. Paxton* is pending in the U.S. Court of Appeals for the Fifth Circuit (No. 23-20480.) That action involves Senate Bill 12, which imposes penalties on certain "sexually oriented performances."

3. **Briefly describe what this case is about.**

   This case involves a resolution by the Board of Regents of the Texas A&M University System banning "drag shows,"[1] including Plaintiff's annual *Draggieland* performance,

---

[1] The Board's resolution defined a prohibited "drag show" as one that involves biological males dressing in women's clothing, wearing exaggerated female make up and/or exaggerated prosthetics meant to parody the female body type, and that are: open to the public; involve sexualized, vulgar or lewd conduct; and involve conduct that demeans women. ECF 21.2.

from particular venues on campus.

4. **Specify the allegation of federal jurisdiction.**

   Plaintiff alleges that the Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this action arises under the First Amendment.

5. **Identify the parties who disagree and the reasons.**

   Defendants deny that this Court has subject matter jurisdiction over Plaintiff's claims to the extent that Plaintiff lacks standing. Notwithstanding the foregoing, Defendants admit that Plaintiff's claims purport to raise federal questions such that jurisdiction would be appropriate under 28 U.S.C. § 1331.

6. **Identify any issues as to service of process, personal jurisdiction, or venue.**

   None.

7. **List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

   None.

8. **Describe class-action or collective-action issues.**

   None.

9. **State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

   The parties have not yet made the initial disclosures required by Rule 26(a).

   The parties agree to exchange initial disclosures by Thursday, May 1, 2025.

10. **Describe the proposed discovery plan, including:**

    A. **Responses to the matters raised in Rule 26(f), including any agreements reached concerning electronic and other discovery and any disputed issues relating to electronic and other discovery.**

       Electronically Stored Information

       The Parties are likely to request and produce electronically stored information (ESI) in discovery. Production of ESI will be made in the manner and format that the documents are kept, except for emails which will be produced using image and data load files. To the extent reasonably possible, the Parties agree to ensure that all documents produced in electronic format are searchable (with Optical Character Recognition), readable, and with metadata intact. For ESI that does not translate

readily to images or PDF (like audiovisual data, spreadsheets, and databases), the Parties agree to produce those in native format. When such a file is produced in native format, it will receive a single Bates number that represents the content of the entire file. The native file is given the Bates number as the file name along with the respective file extension (E.g. ".xlsx" or ".wav"). Additionally, a single TIFF image should be included in the IMAGES folder. The placeholder image is branded with the corresponding Bates number and the image file is also given the Bates number as the file name followed by the ".tif" file extension.

ESI will be produced with a delimited, data load file (DAT) that contains the metadata fields listed in the below table, to the extent each field is available:

| Metadata Field Name: | Description: |
|---|---|
| BEGBATES | Beginning Bates number |
| ENDBATES | Ending Bates number |
| BEGATTACH | Beginning Attachment number |
| ENDATTACH | Ending Attachment number |
| DOCTYPE | Example values: Email, Attachment, File, Hard Copy |
| CUSTODIAN | Populated with Lastname, Firstname of the identified Custodian |
| ALL CUSTODIANS | Populated with the value(s) for all custodians following deduplication |
| SUBJECT | The subject value from the email message |
| FROM | The sender of the email message |
| TO | The "TO" recipients of the email message |
| CC | The carbon copied recipients of the email message |
| BCC | The blind carbon copied recipients of the email message |
| DATESENT | The date the email message was sent formatted as mm/dd/yyyy |
| TIMESENT | The time the email message was sent formatted as hh:mm am/pm |
| FILENAME | The file name of the item including the file extension |
| FILE_EXTENSION | The file extension of the item (without the "." dot) |
| FILE_SIZE | An integer – the size of the item in bytes |
| FILEPATH | The file path where the item was located within the original discovery |
| TITLE | The Title of the item from Windows properties |
| AUTHOR | The Author of the item from Windows properties |
| APPLICATION | The Program name of the item from Windows properties |
| CREATEDATE | The date the item was created formatted as mm/dd/yyyy |
| CREATETIME | The time the item was created formatted as hh:mm am/pm |
| LASTMODDATE | The date the item was last modified formatted as |

|  | mm/dd/yyyy |
|---|---|
| LASTMODTIME | The time the item was last modified formatted as hh:mm am/pm |
| MD5HASH | Hexadecimal value used for de-duplication (calculated from the native item) |
| NATIVEPATH | The relative path to the native file within the production volume |
| TEXTPATH | The relative path to the extracted/OCR text file within the production volume |

The Parties agree to work in good faith to narrow any dispute over the scope and production of ESI, including the preparation of necessary confidentiality agreements, if any. Should either party inadvertently produce privileged information, that information shall immediately be returned to the producing party pursuant to the clawback provision set forth below. The Parties agree to take reasonable measures to preserve potentially discoverable ESI from alteration or destruction.

Claims of Privilege and Protection

The Parties agree that whenever a claim of privilege or work product is asserted, it shall be supported by a privilege log as described in Fed. R. Civ. P. 26(b)(5), except that redaction of student names (with initials visible) or student personally identifiable information (PII) does not have to be included on a privilege log, without prejudice to Plaintiff to seek more information about those redactions, request an unredacted version, or seek a Court order for an unredacted version (or to file the same) for good cause or as applicable law and rules allow. In the case of answers to interrogatories and productions of documents, the privilege log shall be produced within 30 days after the answers to interrogatories are served or documents are produced. Communications after the filing date of the lawsuit do not need to be included on a party's privilege log.

Any inadvertent inclusion of privileged material in any disclosure or discovery response shall not result in a waiver of any associated privileged nor result in a subject matter waiver of any kind. A party who receives information which appears to be privileged shall immediately inform the producing party and shall, upon request, (1) immediately return all inadvertently produced information; (2) shall refrain from using or relying on such information absent a Court order to the contrary; and (3) shall destroy all copies or versions of the information. The Parties agree that this clawback procedure does not limit or waive the ability of the nonproducing party to challenge the claim of privilege with the Court

B. **When and to whom the plaintiff anticipates it may send interrogatories and requests for production.**

Plaintiff anticipates sending interrogatories and requests for production to the named defendants in advance of taking depositions.

**C.      When and to whom the defendant anticipates it may send interrogatories and requests for production.**

Defendants anticipate sending interrogatories and requests for production to the Plaintiff in advance of taking depositions.

**D.      Of whom and by when the plaintiff anticipates taking oral depositions, and whether they can be done by remote means, such as by zoom.**

Plaintiff anticipates taking in-person depositions of the following individuals before the close of discovery:

a. John Sharp, in his official capacity as Chancellor of the Texas A&M University System;
b. Mark A. Welsh III, in his official capacity as President of Texas A&M University;
c. Other university staff members or administrators responsible for the approval of *Draggieland* events.
d. The person(s) designated to testify on behalf of the Texas A&M University System as to (a) its policies, practices, and procedures with respect to student organizations, student expression, and student events; and (b) the historical uses of university spaces for events.
e. William "Bill" Mahomes, in his official capacity as Chairman of the Board of Regents of the Texas A&M University System;
f. Robert L. Albritton, in his official capacity as Vice Chairman of the Board of Regents of the Texas A&M University System; and
g. Additional witnesses who become known during discovery.

**E.      Of whom and by when the defendant anticipates taking oral depositions, and whether they can be done by remote means, such as by zoom.**

Defendants anticipate taking in-person depositions of the following individual(s) before the close of discovery:

a. Plaintiff's corporate representative

Defendants may take the deposition of additional witnesses who become known during discovery.

**F.      Other persons that may be identified through discovery as having relevant, discoverable information. Any threshold issues—such as limitations, jurisdiction, or immunity—that should be scheduled for early resolution, what discovery targeted to those issues may need to occur early, and how long this targeted discovery will take.**

None.

**G.      Any experts needed on issues other than attorneys' fees.**

    Plaintiff anticipates that experts may be needed on the history and tradition of theatrical performance, drag, and LGBTQ culture.

    Defendants anticipate that experts may be needed on the effects of public sexual behavior on the social environment and its effects on students and other developing minds.

  H.  **If medical experts are needed, whether they are only treating physicians or also designated on other issues.**

    None.

  I.  **When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and to provide their reports.**

    The parties will designate experts and provide any required reports at least 90 days before the trial date.

  J.  **List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date, and whether they can be done by remote means, such as by zoom. See Rule 26(a)(2)(B) (expert report).**

    Plaintiff will depose any experts or rebuttal experts identified by Defendants.

  K.  **List expert depositions the opposing party anticipates taking and their anticipated completion date, and whether they can be done by remote means, such as by zoom. See Rule 26(a)(2)(B) (expert report).**

    Defendants will depose any experts or rebuttal experts identified by Plaintiff.

  L.  **In a case involving parties that are unincorporated entities, such as an LLC or LLP, state the citizenship of every member and file an affidavit or declaration setting out the citizenship of every member.**

    Plaintiff is a student organization whose members are principally Texas A&M students who reside in Texas.

11. **If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

The parties disagree on whether discovery should be stayed. Plaintiff believes discovery can be completed by October 31, 2025. Defendants believe discovery should be stayed pending resolution of their interlocutory appeal.

12. **Specify the discovery beyond initial disclosures that has been undertaken to date.**

None.

13.  **State the date the planned discovery can reasonably be completed.**

    The parties disagree on whether discovery should be stayed. Plaintiff believes discovery can be completed by October 31, 2025. Defendants believe discovery should be stayed pending resolution of their interlocutory appeal. Should discovery proceed while the appeal is pending, Defendants believe discovery can be completed by February 13, 2026.

14.  **Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

    The parties do not presently believe the matter may be settled or resolved.

15.  **From the attorneys' discussion with the clients, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.**

    The parties do not presently believe the matter may be settled or resolved, including through alternative dispute resolution.

16.  **Magistrate judges may now hear jury and nonjury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

    The parties do not consent to a trial before a magistrate judge.

17.  **State whether a jury demand has been made and if it was made on time.**

    No party has demanded a jury.

18.  **Specify the number of hours it will likely take to present the evidence in this case.**

    The parties believe the presentation of the evidence would take approximately sixteen hours.

19.  **List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

    Defendants have moved for a stay of the preliminary injunction. (ECF No. 27.)

20.  **List other pending motions.**

    None.

21.  **List issues or matters, including discovery, that should be addressed at the conference.**

    Defendants believe discovery should be stayed pending resolution of their appeal of this Court's preliminary injunction. Plaintiff believes discovery should proceed.

22. **Certify that all parties have filed the Disclosure of Interested Persons as directed in the Order for Conference and Disclosure of Interested Persons, listing the date of filing for original and any amendments.**

    Plaintiff's disclosure was filed on March 10, 2025 (ECF No. 13).

    Defendant's disclosure was filed on April 17, 2025 (ECF No. 33).

23. **List the names, bar numbers, addresses, telephone numbers, and emails of all counsel and unrepresented parties.**

    Plaintiff is represented by:

    > JT Morris (Tex. Bar No. 24094444; S.D. Tex. Bar No. 3163670)
    > Foundation for Individual Rights and Expression (FIRE)
    > 700 Pennsylvania Ave., Suite 340
    > Washington, DC 20003
    > (215) 717-3473
    > jt.morris@thefire.org
    >
    > Adam Steinbaugh (Cal. Bar No. 304829) (*admitted pro hac vice*)
    > Jeffrey D. Zeman (Mich. Bar No. P76610) (*admitted pro hac vice*)
    > 510 Walnut Street, Suite 900
    > Philadelphia, PA 19106
    > (215) 717-3473
    > adam@thefire.org
    > jeff.zeman@thefire.org

    Defendants are represented by:

    > RYAN G. KERCHER
    > Chief, Special Litigation Division
    > Texas Bar No. 24060998
    > SDTX No. 882329
    >
    > ZACHARY BERG
    > Special Counsel
    > Tex. State Bar No. 24107706
    > SDTX No. 3481711
    >
    > MARK A. CSOROS
    > Assistant Attorney General

Texas State Bar No. 24142814
SDTX No. 3896171

OFFICE OF THE ATTORNEY GENERAL OF TEXAS
Special Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Tel.: (512) 463-2100
Ryan.Kercher@oag.texas.gov
Zachary.Berg@oag.texas.gov
Mark.Csoros@oag.texas.gov

| | |
|---|---|
| /s JT Morris | 4/24/2025 |
| Counsel for Plaintiff(s) | Date |

| | |
|---|---|
| /s/ Zachary Berg | 4/24/2025 |
| Counsel for Defendant(s) | Date |