UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| TEXAS A&M QUEER EMPOWERMENT COUNCIL, <br><br> *Plaintiff*, <br><br> v. <br><br> WILLIAM "BILL" MAHOMES, ROBERT L. ALBRITTON, DAVID C. BAGGETT, JOHN W. BELLINGER, JAMES R. "RANDY" BROOKS, JAY GRAHAM, MICHAEL A. "MIKE" HERNANDEZ III, MICHAEL J. PLANK, SAM TORN, and CAGE SAWYERS in their official capacities as members of the Board of Regents of the Texas A&M University System; JOHN SHARP, in his official capacity as Chancellor of the Texas A&M University System, and MARK A. WELSH III, in his official capacity as President of Texas A&M University, <br><br> *Defendants.* | CASE NO. 4:25-cv-992 |

### DEFENDANTS' ORIGINAL ANSWER

Defendants WILLIAM MAHOMES, ROBERT L. ALBRITTON, DAVID C. BAGGETT, JOHN W. BELLINGER, JAMES R. BROOKS, JAY GRAHAM, MICHAEL A. HERNANDEZ III, MICHAEL J. PLANK, SAM TORN, AND CAGE SAWYERS, in their official capacities as members for the Board of Regents of Texas A&M University System; JOHN SHARP, in his official capacity as Chancellor of Texas A&M University, and MARK A. WELSH III, in his official capacity as President of Texas A&M University ("Defendants"), files this Original Answer to Plaintiff's Complaint for Civil Rights Violations (ECF No. 1).

Pursuant to FRCP 8(d), Defendants deny each and every allegation contained in Plaintiff's Complaint except those expressly admitted below. The headings and numbered paragraphs below correspond to the sections and numbered paragraphs of the Complaint. Some headings are

1

reproduced in this Answer for organizational purposes only, and Defendants do not admit any matter contained in those headings.

### DEFENDANTS' ANSWER TO COMPLAINT FOR CIVIL RIGHTS VIOLATIONS

#### INTRODUCTION

1. Defendants admit that all students in compliance with school rules and procedures may gather somewhere on campus. Defendants deny the remaining allegations in this paragraph.

2. Defendants admit that the Board's February 28, 2025 Resolution "directs the Chancellor and the President of each of the Universities to take the actions necessary to implement the policy set forth above." Defendants deny the remaining allegations in this paragraph.

3. Defendants admit that the Resolution found that drag shows that meet a five-factor test are inconsistent with A&M's mission and core values. Defendants deny the remaining allegations in this paragraph.

4. Defendants admit that the 2025 Draggieland was scheduled for March 27, 2025. Defendants deny the remaining allegations in this paragraph.

5. Defendants admit that Plaintiff currently runs Draggieland, which has occurred six times. Defendants deny the remaining allegations in this paragraph.

6. Defendants admit that university campuses facilitate the exchange of ideas. Defendants deny the remaining allegations in this paragraph.

7. Denied.

8. Defendants admit that the 2025 Draggieland was scheduled for March 27, 2025. Defendants deny the remaining allegations in this paragraph.

#### JURISDICTION AND VENUE

9. Defendants admits that Plaintiff purports to assert claims for relief under 42 U.S.C. §§ 1983 and 1988, and 28 U.S.C. §§ 2201-02, but deny that any such claims against

Defendants are valid or legally cognizable and deny the remaining allegations in this paragraph.

10. Defendants deny that the Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1343, or 28 U.S.C. § 1367.

11. Defendants admit that venue is proper in this district.

## PARTIES

12. Admit.

13. Defendants lack knowledge or sufficient information to form a belief about the truth of these allegations, and therefore denies them.

14. Defendants admit that Plaintiff holds regular events on campus. Defendants deny that these events are not supported by the university administration, which provides venues for all or most of the events. Defendants deny the remaining allegations in this paragraph.

15. Defendants lack knowledge or sufficient information to form a belief about the truth of this allegation, and therefore denies it.

16. Defendants deny these allegations to the extent that it fails to recognize A&M providing a venue for this event. Defendants deny the remaining allegations in this paragraph.

17. Admit.

18. Admit.

19. Admit.

20. Admit.

21. Admit.

22. Admit.

23. Admit.

24. Defendants admit that all Defendants were acting is their official capacity at the time the controversy arose. Defendants deny the remaining allegations in this paragraph.

**FACTUAL ALLEGATIONS**

25. Defendants admit that these are an incomplete list of A&M policies related to expressive activity on campus. Defendants deny the remaining allegations in this paragraph.

26. Defendants admit that the Policy describes reasonable time, place, and manner restrictions as those that: (1) are narrowly tailored to serve a significant institutional interest; (2) employ clear, published, content-neutral, and viewpoint-neutral criteria; (3) provide for ample alternative means of expression. Defendants deny the remaining allegations in this paragraph.

27. Admit.

28. Defendants admit that they established the Rudder Theatre Complex. Defendants deny the remaining allegations in this paragraph.

29. Defendants admit that the website linked in this paragraph contains those statements. Defendants deny the remaining allegations in this paragraph.

30. Defendants lack knowledge or sufficient information to form a belief about what Plaintiff means by "makes…available," and therefore denies the allegations in this paragraph.

31. Defendants lack knowledge or sufficient information to form a belief about what Plaintiff means by "can…hold events," and therefore denies the allegations in this paragraph.

32. Admit.

33. Defendants admit that the linked document "University Center & Special Events Rudder Theatre Complex" provides guidelines related to use of the venue. Defendants however deny that this document contains a complete list of requirements and denies the remaining allegations in this paragraph.

34. Defendants admit that the linked document does not restrict use based on viewpoint or content. Defendants deny the remaining allegations in this paragraph.

35. Defendants admit that that any restrictions A&M places on its venues are not content-based. Defendants deny the remaining allegations in this paragraph.

4

36. Admit.

37. Defendants lack knowledge or sufficient information to form a belief about what Plaintiff means by "in practice," and therefore denies the allegations in this paragraph.

38. Defendants admit that these are some of the events hosted at Rudder Theatre. Defendants deny the remaining allegations in this paragraph.

39. Admit.

40. Admit.

41. Defendants lack knowledge or sufficient information to form a belief about the truth of these allegations, and therefore denies them.

42. Defendants lack knowledge or sufficient information to form a belief about the truth of these allegations, and therefore denies them.

43. Denied.

44. Defendants lack knowledge or sufficient information to form a belief about what Plaintiff means by "expected gender expression," and therefore denies the allegations in this paragraph.

45. Defendants lack knowledge or sufficient information to form a belief about the truth of these allegations, and therefore denies them.

46. Defendants lack knowledge or sufficient information to form a belief about the truth of these allegations, and therefore denies them.

47. Admit.

48. Defendants lack knowledge or sufficient information to form a belief about the truth of these allegations, and therefore denies them.

49. Defendants lack knowledge or sufficient information to form a belief about the truth of these allegations, and therefore denies them.

50. Defendants lack knowledge or sufficient information to form a belief about the truth of these allegations, and therefore denies them.

51. Defendants admit that Plaintiff had reserved Rudder Theatre for March 6, 2025, March 26, 2025 and March 25, 2025. Defendants deny the remaining allegations in this paragraph
52. Defendants lack knowledge or sufficient information to form a belief about the truth of these allegations, and therefore denies them.
53. Defendants lack knowledge or sufficient information to form a belief about the truth of these allegations, and therefore denies them.
54. Admit.
55. Admit.
56. Defendants lack knowledge or sufficient information to form a belief about what Plaintiff means by "repeatedly," and therefore denies the allegations in this paragraph.
57. Admit.
58. Admit.
59. Denied.
60. Defendants admit that the linked article contains the quotation in this paragraph. Defendants deny the remaining allegations in this paragraph.
61. Defendants admit that the linked article contains the quotation "a student organization wants to host an event, they are more than welcome to do so as long as they go through the proper protocols." Defendants deny the remaining allegations in this paragraph.
62. Defendants admit that A&M is aware of its First Amendments rights and responsibilities. Defendants deny the remaining allegation in this paragraph.
63. Defendants lack knowledge or sufficient information to form a belief about the truth of these allegations, and therefore denies them.
64. Defendants admit that Plaintiff holds other events than Draggieland. Defendants deny the remaining allegations in this paragraph.
65. Defendants lack knowledge or sufficient information to form a belief about the truth of these allegations, and therefore denies them.

6

66. Defendants lack knowledge or sufficient information to form a belief about what Plaintiff means by "funding," and therefore denies the allegations in this paragraph.
67. Admit.
68. Defendants lack knowledge or sufficient information to form a belief about the truth of these allegations, and therefore denies them.
69. Denied.
70. Denied.
71. Defendants lack knowledge or sufficient information to form a belief about the truth of these allegations, and therefore denies them.
72. Defendants lack knowledge or sufficient information to form a belief about the truth of these allegations, and therefore denies them.
73. Defendants lack knowledge or sufficient information to form a belief about the truth of these allegations, and therefore denies them.
74. Defendants admit that Plaintiff booked Rudder Theatre to host Draggieland on March 27, 2025. Defendants lack knowledge or sufficient information to form a belief about what Plaintiff means by "submitted," and therefore denies the allegations in this paragraph.
75. Admit.
76. Admit.
77. Admit.
78. Defendants lack knowledge or sufficient information to form a belief about the truth of these allegations, and therefore denies them.
79. Admit.
80. Admit.
81. Denied.
82. Admit.
83. The Resolution found that "the System's mission and core values of its Universities, including the value of respect for others, to allow Special Event Venues of the Universities

7

to be used for drag shows that involve biological males dressing in women's clothing, wearing exaggerated female make up and/or exaggerated prosthetics meant to parody the female body type, and that are: open to the public; involve sexualized, vulgar or lewd conduct; and involve conduct that demeans women (Drag Show Events)" and that "that Drag Show Events are likely to create or contribute to a hostile environment for women contrary to System anti-discrimination policy and Title IX of the Education Amendments of 1972 (Title IX), as these events often involve unwelcome and objectively offensive conduct based on sex for many members of the respective communities of the Universities, particularly when they involve the mockery or objectification of women." Defendants deny the remaining allegations in this paragraph.

84. Defendants admit that the Resolution "acknowledges President Trump's Executive Order issued January 20, 2025, entitled Defending Women from Gender Ideology Extremism and Restoring Biological Truth to the Federal Government. Defendants deny the remaining allegations in this paragraph.

85. Admit.

86. Defendants admit that the Resolution states that since "both the System and the Universities receive significant federal funding, the use of facilities at the Universities for Drag Show Events may be considered promotion of gender ideology in violation of the Executive Order and the Governor's directive." Defendants deny the remaining allegations in this paragraph.

87. Defendants admit that the Resolution "directs the Chancellor and the President of each of the Universities to take the actions necessary to implement the policy." Defendants deny the remaining allegations in this paragraph.

88. Admit.

89. Defendants admit that Chancellor Sharp issued a resolution to A&M university presidents to take prompt action to implement the Resolution. Defendants deny the remaining allegations in this paragraph.

90. Admit.

91. Defendants admit that tickets had been sold to Draggieland when it was cancelled. Defendants deny the remaining allegations in this paragraph.

### INJURIES TO PLAINTIFF

92. Denied.

93. Defendants admit that Plaintiff is a student organization and that The State and Texas A&M University comply with the First Amendment. Defendants deny the remaining allegations in this paragraph.

94. Denied.

95. Denied.

96. Denied.

97. Denied.

98. Denied.

99. Denied.

100. Denied.

101. Denied.

102. Denied.

### FIRST CAUSE OF ACTION

**First Amendment Violation (Injunctive and Declaratory Relief)**
**(42 U.S.C. § 1983)**
**(Against all Defendants in their official capacities)**

103. Defendants incorporate their answers to all preceding paragraphs as if fully set forth herein.

104. Denied.

105. Denied.

106. Denied.

107. Defendants lack knowledge or sufficient information to form a belief about what Plaintiff means by "generally open," and therefore denies the allegations in this paragraph.

108. Defendants admit that Plaintiff is a student organization. Defendants deny the remaining allegations in this paragraph.
109. Denied.
110. Denied.
111. Denied.
112. Denied.
113. Denied.
114. Denied.
115. Defendants lack knowledge or sufficient information to form a belief about what Plaintiff means by "presumptively unconstitutional," and therefore denies the allegations in this paragraph.
116. Denied.
117. Denied.
118. Denied.
119. Denied.
120. Denied.
121. Denied.
122. Denied.
123. Denied.
124. Denied.
125. Denied.
126. Denied.
127. Denied.
128. Denied.
129. Denied.
130. Denied.
131. Denied.

132. Denied.

133. Denied.

134. Denied.

135. Paragraph 135 in part consists of Plaintiff's characterization of a court decision. That decision speaks for itself. Defendants deny Plaintiff's characterization of the decision to the extent it is inconsistent with the decision itself. Defendants deny the remaining allegations in this paragraph.

136. Defendants deny that Plaintiff is entitled to any of the relief requested herein.

### SECOND CAUSE OF ACTION

**First Amendment Violation (Injunctive and Declaratory Relief)**
**Freedom of Speech – Prior Restraint**
**(42 U.S.C. § 1983)**
**(Against all Defendants in their official capacities)**

137. Defendants incorporate their answers to all preceding paragraphs as if fully set forth herein.

138. Defendants admit that the Draggieland event could violate Title IX, demean women, and lead to a hostile environment for women. Defendants deny the remaining allegations in this paragraph.

139. Denied.

140. Paragraph 140 consists of Plaintiff's characterization of a court decision. That decision speaks for itself. Defendants deny Plaintiff's characterization of the decision to the extent it is inconsistent with the decision itself.

141. Denied.

142. Paragraph 142 consists of Plaintiff's characterization of a court decision. That decision speaks for itself. Defendants deny Plaintiff's characterization of the decision to the extent it is inconsistent with the decision itself.

143. Denied.

144. Denied.

145. Defendants admit that the Resolution lays out a five-factor test to determine whether an event complies with A&M rules. Defendants deny the remaining allegations in this paragraph.

146. Denied.

147. Denied.

148. Denied.

149. Denied.

150. Denied.

151. Defendants deny that Plaintiff is entitled to any of the relief requested herein.

152. Denied.

153. Denied.

154. Defendants deny that Plaintiff is entitled to any of the relief requested herein.

### THIRD CAUSE OF ACTION

**Texas Open Meetings Act
Injunction Voiding Actions Taken at Feb. 28, 2025 Meeting
(Tex. Gov't Code §§ 551.141, 551.142)
(Against the Board Defendants in their official capacities)**

155. Defendants incorporate their answers to all preceding paragraphs as if fully set forth herein.

156. Admit.

157. Admit.

158. Denied.

159. Denied.

160. Defendants admit that the agenda does not identify an emergency. Defendants deny the remaining allegations in this paragraph.

161. Denied.

162. Denied.

163. Denied.

164. Denied.

165. Defendants deny that Plaintiff is entitled to any of the relief requested herein.
166. Defendants deny that Plaintiff is entitled to any of the relief requested herein.

### PRAYER FOR RELIEF

A. Defendants deny that Plaintiff is entitled to any of the relief requested herein.

B. Defendants deny that Plaintiff is entitled to any of the relief requested herein.

C. Defendants deny that Plaintiff is entitled to any of the relief requested herein.

D. Defendants deny that Plaintiff is entitled to any of the relief requested herein.

E. Defendants deny that Plaintiff is entitled to any of the relief requested herein.

F. Defendants deny that Plaintiff is entitled to any of the relief requested herein.

G. Defendants deny that Plaintiff is entitled to any of the relief requested herein.

### DEFENDANTS' AFFIRMATIVE AND OTHER DEFENSES

Defendants assert the following affirmative and other defenses to the claims raised in Plaintiff's Complaint:

1. This Court lacks subject-matter jurisdiction to consider all claims asserted in Plaintiff's Complaint.
2. Plaintiff has failed to state a claim upon which relief can be granted.
3. Defendants assert all applicable immunities to Plaintiff's claims, including but not limited to their entitlement to Eleventh Amendment and sovereign immunity.
4. Pursuant to 42 U.S.C. § 1988(b), Defendants will be entitled to recover attorney's fees if they are the prevailing party.
5. Defendants reserve the right to assert additional affirmative and other defenses as they may become apparent in the factual development of this case.

| | |
|---|---|
| Dated May 6, 2025. | Respectfully submitted. |
| | |
| KEN PAXTON<br>Attorney General | /s/ Zachary Berg<br>ZACHARY BERG<br>Special Counsel<br>Tex. State Bar No. 24107706<br>SDTX No. 3481711 |
| BRENT WEBSTER<br>First Assistant Attorney General | |
| RALPH MOLINA<br>Deputy First Assistant Attorney General | MARK A. CSOROS<br>Assistant Attorney General<br>Tex. State Bar No. 24142814<br>SDTX No. 3896171 |
| RYAN D. WALTERS<br>Deputy Attorney General for Legal Strategy | OFFICE OF THE ATTORNEY GENERAL OF TEXAS |
| RYAN G. KERCHER<br>Chief, Special Litigation Division | Special Litigation Division<br>P.O. Box 12548, Capitol Station<br>Austin, Texas 78711-2548<br>Tel.: (512) 463-2100<br>Zachary.Berg@oag.texas.gov<br>Mark.Csoros@oag.texas.gov |
| | COUNSEL FOR DEFENDANTS |

## CERTIFICATE OF SERVICE

I certify that a true and accurate copy of the foregoing document was filed electronically (via CM/ECF) on May 6, 2025 and that all counsel of record were served by CM/ECF.

/s/ Zachary Berg
**ZACHARY BERG**

1