IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| TEXAS A&M QUEER EMPOWERMENT COUNCIL, <br><br> *Plaintiff*, <br><br> v. <br><br> WILLIAM "BILL" MAHOMES, ROBERT L. ALBRITTON, DAVID C. BAGGETT, JOHN W. BELLINGER, JAMES R. "RANDY" BROOKS, JAY GRAHAM, MICHAEL A. "MIKE" HERNANDEZ III, MICHAEL J. PLANK, SAM TORN, CAGE SAWYERS, JOHN SHARP, and MARK A. WELSH III, in their official capacities, <br><br> *Defendants*. | Civil Case No. 4:25-cv-992 |

**PLAINTIFF'S OPPOSITION TO MOTION TO STAY PROCEEDINGS**

i

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... iii

INTRODUCTION ...............................................................................................................1

BACKGROUND .................................................................................................................1

LEGAL ARGUMENT .........................................................................................................3

    I.    Defendants Fail to Show Good Cause for the Indefinite Stay They Seek. ..............3

        A.    Defendants fail to show the hardship or inequity required for a stay. ................................................................................................ 3

        B.    A stay pending resolution of the *Spectrum WT* and *Woodlands Pride* is an indefinite stay for uncertain clarity ...................................................... 5

    II.    Delay Will Frustrate Plaintiff's Ability to Present Its Cases and Risks Chilling Plaintiff's First Amendment Rights. ............................................................8

CONCLUSION ....................................................................................................................9

# **TABLE OF AUTHORITIES**

**Cases**

*605 Fifth Prop. Owner, LLC v. Abasic*,
 2021 WL 2737391 (S.D.N.Y. June 30, 2021) ................................................................... 4

*Alcala v. Texas Webb County*,
 625 F.Supp.2d 391 (S.D. Tex. 2009) ................................................................................ 3

*Allvoice Developments US, LLC v. Microsoft Corp.*,
 No. 6:09-CV-366, 2010 WL 11469800 (E.D. Tex. June 4, 2010) .................................... 9

*Anascape, Ltd. v. Microsoft Corp.*,
 475 F.Supp.2d 612 (E.D. Tex. 2007) ................................................................................ 9

*Ernest Bock, LLC v. Steelman*,
 76 F.4th 827 (9th Cir. 2023) ............................................................................................. 4

*Hines v. D'Artois*,
 531 F.2d 726 (5th Cir. 1976) ......................................................................................... 5, 8

*In re Terra Intern., Inc.*,
 134 F.3d 302 (5th Cir. 1998) ............................................................................................ 3

*Landis v. North American Co.*,
 299 U.S. 248 (1936) ................................................................................................. 1, 3, 4

*Lindke v. Freed*,
 601 U.S. 187 (2024) .......................................................................................................... 8

*McKnight v. Blanchard*,
 667 F.2d 477 (5th Cir. 1982) ............................................................................................ 5

*Mediterranean Enters., Inc. v. Ssangyong Corp.*,
 708 F.2d 1458 (9th Cir. 1983) .......................................................................................... 4

*O'Connor-Ratcliff v. Garnier*,
 601 U.S. 205 (2024) .......................................................................................................... 8

*Spectrum WT v. Wendler*,
 693 F.Supp.3d 689 (N.D. Tex. 2023) ............................................................................... 2

*U.S. v. Garrett*,
 571 F.2d 1323 (5th Cir. 1978) .......................................................................................... 3

*Wedgeworth v. Fibreboard Corp.*,
 706 F.2d 541 (5th Cir. 1983) .................................................................................... 3, 4, 5

*Woodlands Pride, Inc. v. Paxton*,
    694 F.Supp.3d 820 (S.D. Tex. 2023) .............................................................................. 2, 3

**Rules**

Fed. R. Civ. P. 26(c) ........................................................................................................................ 3

**Other Authorities**

Practitioner's Guide to the U.S. Court of Appeals for the Fifth Circuit (Dec. 2024) ................. 6, 7

Press Release, *Chancellor Sharp to retire June 30, 2025*, Texas A&M Univ. Sys. (July 1,
    2024) ........................................................................................................................................ 2

**INTRODUCTION**

This Court should deny the indefinite and complete stay Defendants seek pending resolution of one or both of two Fifth Circuit drag performance cases,[1] as this is not one of the "rare circumstances" in which one litigant must "stand aside" to have their rights litigated by other parties in another court. *Landis v. North American Co.*, 299 U.S. 248, 255 (1936). Defendants would have Plaintiff wait to factually develop its case for an indefinite period. But there is no way to know when the Fifth Circuit's decisions will issue, nor is it clear that a panel decision will bring finality to the legal issues in those cases, given the possibility of en banc or Supreme Court review. Defendants have not shown good cause to delay discovery, and the pendency of other matters cannot alone support an indefinite stay when the First Amendment rights of Plaintiff Texas A&M Queer Empowerment Council, a student organization, hang in the balance.

**BACKGROUND**

Plaintiff Texas A&M Queer Empowerment Council filed this action on March 5, 2025, after Defendants—members of the Board of Regents of the Texas A&M University System and senior university officials—abruptly banned student drag performances from university campuses. (Verified Compl. ("Compl."), ECF No. 11, ¶¶ 80–90.) Defendants asserted that drag performances are contrary to the Texas A&M University System's "values" because they purportedly are "meant to parody" and/or "demean[] women," and/or because they assertedly are "likely to create or contribute to a hostile environment for women" insofar as they "involve the mockery or objectification of women." (Compl. ¶ 83, Ex. 1 (ECF No. 1-1)). Defendants took immediate steps to cancel, at the eleventh-hour, Plaintiff's long-planned *Draggieland* 2025 event—an outcome

---

[1] Mem. in Supp. of Mot. to Stay Proceedings ("Mot."), ECF No. 35.

1

avoided only because this Court entered a preliminary injunction prohibiting Defendants from enforcing their prior restraint.

Defendants did not move to dismiss the Complaint. Instead, all Defendants filed an Answer on May 6, 2025 (Answer, ECF No. 40), noticed an appeal of the preliminary injunction (ECF No. 26), and moved this Court for a stay of the preliminary injunction pending appeal (Mot. for Stay Pending Appeal, ECF No. 27). The parties have exchanged initial disclosures and proposed a joint discovery plan. (Joint Discovery/Case Management Plan Under Fed. R. Civ. P. 26(f), ECF No. 36.)

Defendants now seek to stay all discovery and proceedings on the sole basis that rulings in other cases may one day bear on the legal issues here. These cases await panel opinions from the Fifth Circuit:

1. *Spectrum WT v. Wendler*, 693 F.Supp.3d 689 (N.D. Tex. 2023), *appeal docketed*, No. 23-10994 (5th Cir. argued Apr. 29, 2024). On March 21, 2023, the president of West Texas A&M University announced that he would not permit drag performances on campus. The president's prohibition is distinct from and predates the resolution adopted by the Defendants[2] in this matter. The district court in *Spectrum WT* denied the plaintiff student organization's motion for a preliminary injunction (in part citing the need for further factual development), and the Fifth Circuit denied the organization's motion to expedite the appeal. *Id.* at 701; *Spectrum WT v. Wendler*, 23-10994 (5th Cir., Oct. 11, 2023), Dkt. 22-2.

2. *Woodlands Pride, Inc. v. Paxton*, 694 F.Supp.3d 820 (S.D. Tex. 2023), *appeal docketed*, No. 23-20480 (5th Cir. argued Oct. 9, 2024). In 2023, the Texas Legislature adopted

---

[2] *Spectrum WT* and this action have only one common litigant in common: Defendant (and Chancellor) John Sharp, who will retire next month. Press Release, *Chancellor Sharp to retire June 30, 2025*, Texas A&M Univ. Sys. (July 1, 2024), https://news.tamus.edu/chancellor-sharp-to-retire-june-30-2025.

Senate Bill 12, seeking to suppress "sexually oriented performances" from public view, imposing criminal penalties and prohibiting public and private entities from authorizing disfavored performances. Defendants Judge Hittner issued a permanent injunction prohibiting enforcement of S.B. 12 on First Amendment grounds. *Id.*

## LEGAL ARGUMENT

The Court should deny the motion to stay all discovery and proceedings because Defendants' justification does not amount to good cause, let alone establish a "clear case of hardship or inequity in being required to move forward." *Landis*, 299 U.S. at 255. If anything, the blanket stay Defendants seek for an indefinite period will impose hardship only on Plaintiffs' ability to vindicate their First Amendment freedoms.

**I.    Defendants Fail to Show Good Cause for the Indefinite Stay They Seek.**

Defendants' argument, premised on the pendency of two cases before the Fifth Circuit, falls short the good cause required for a discretionary stay. The party seeking a discretionary "stay bears the burden of justifying a delay," *Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541, 545 (5th Cir. 1983) (citing *Landis*, 299 U.S. at 255), and must overcome the "strong presumption in favor of discovery[.]" *Alcala v. Texas Webb County*, 625 F.Supp.2d 391, 397–98 (S.D. Tex. 2009). That burden requires the "movant to show the necessity of" relief by offering "a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Intern., Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (quoting *U.S. v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978) & citing Fed. R. Civ. P. 26(c)).

**A.    Defendants fail to show the hardship or inequity required for a stay.**

Defendants fail to make the "clear case of hardship or inequity in being required to go forward" that is required "if there is even a fair possibility that the stay … will work damage to some one [*sic*] else." *Wedgeworth*, 706 F.2d at 545 (quoting, in part, *Landis*, 299 U.S. at 255). It

3

is "[o]nly in rare circumstances" that a "litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both." *Id.* (quoting *Landis*, 299 U.S. at 255).

The out-of-circuit authorities Defendants invoke fail to overcome this well-settled Fifth Circuit rule. (Mot. 3). Defendants' cases involve distinguishable circumstances in which a stay is justified because another pending action involves the same parties and its resolution would avoid the need to pursue the stayed action. *See, e.g.*, *Ernest Bock, LLC v. Steelman*, 76 F.4th 827, 835–43 (9th Cir. 2023) (application of *Colorado River* abstention to stay action seeking to enforce a judgment because state appellate court vacated underlying appellate judgment); *Mediterranean Enters., Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983) (stay pending resolution of arbitration involving same parties); *605 Fifth Prop. Owner, LLC v. Abasic*, 2021 WL 2737391 at *4 (S.D.N.Y. June 30, 2021) (bankruptcy stay pending resolution of appeal regarding obligation of a subsidiary of the party to pay rent to the creditor).

But here, Defendants seek to stay this case until cases brought by *other* litigants challenging *other*, unique restrictions are resolved. That requires Defendants to show a "clear" form of "hardship or inequity" in proceeding with the normal course of litigation. *Wedgeworth*, 706 F.2d at 545. Yet Defendants offer only the ordinary burdens of litigation: the possibility that the law will develop as the case proceeds. (Mot. 5.) They do not assert that discovery in this straightforward case will be burdensome, that they will suffer any prejudice, or that they will be inconvenienced in any way. Because they offer no compelling evidence of any potential hardship or inequity that proceeding in this case will cause them, Defendants cannot establish the "clear" showing of hardship necessary to justify an indefinite stay.

4

### B. A stay pending resolution of the *Spectrum WT* and *Woodlands Pride* is an indefinite stay for uncertain clarity.

The stay Defendants seek is indefinite in nature because there is no way to reliably forecast when the Fifth Circuit panel will rule, and the potential reward—further development of First Amendment law—is not sufficiently certain to warrant delay.

While moderate stays are within the court's discretion, those of "indefinite duration" generally represent an abuse of discretion. *Wedgeworth*, 706 F.2d at 545 (quoting *McKnight v. Blanchard*, 667 F.2d 477, 479 (5th Cir. 1982)). In *Hines v. D'Artois*, for example, the Fifth Circuit reversed a district court's discretionary order staying an employment action pending resolution of an adjudication by the Equal Employment Opportunity Commission (EEOC). 531 F.2d 726, 734–35 (5th Cir. 1976). In evaluating on appeal whether the stay was "immoderate," the court considered the "scope of the stay," the possibility the proponent of the stay would encounter "the inconvenience and costs of piecemeal review," and the possibility of "the danger" to the plaintiff "of denying justice by delay" *Id.* at 732–33 (citation omitted). Noting the stay was indefinite in nature, owing to the uncertainty on how long it would take the EEOC to process even an "expedited" process, the court reversed. *Id.* at 731–32. While a brief stay of certain duration may be appropriate in some circumstances, an indefinite stay of the case in full causes "ossification of rights" while plaintiffs are forced to wait. *Id.* 736–37.

That same uncertainty dooms Defendants' proposed blanket stay of proceedings here. While Defendants assert the stay is "likely" to be brief because they anticipate the Fifth Circuit to rule "quickly," (Mot. 4), there is no evidence to support their belief. When a court considers a proposed stay "pending the resolution of another case," it must "carefully consider the time reasonably expected for" its resolution. *Wedgeworth*, 706 F.2d at 545. And here, there is no way to establish that a stay will be anything other than "indefinite" because there is no way to know

5

when a panel opinion will issue.

Ordinarily, the "median time from oral argument until decision for all cases is about 2 months," and the "median time from filing the notice of appeal to issuance of the court's opinion [is] about 7.8 months."[3] The lifespan of the *Spectrum WT* and *Woodlands Pride* cases already dwarfs those medians. In *Spectrum WT*, 19.6 months have lapsed since the September 26, 2023, notice of appeal, and over a year has passed since the April 29, 2024, oral argument. That is over twice as long as the Fifth Circuit median based on the notice of appeal date, and *six times* the Fifth Circuit median based on the oral argument date.[4] *Woodlands Pride* fares little better, as 19.4 months have passed since the September 29, 2023, notice of appeal, and seven months have passed since the October 9, 2024, oral argument. While it is a truism that every passing day brings us one day closer to opinions in either case, the timelines for those decisions remain indefinite.

Even when the Fifth Circuit panels eventually offer their opinions, that does not necessarily mean the decision will "resolv[e]" the *Spectrum WT* or *Woodlands Pride* litigations. (Mot. 5) Those opinions are simply the next waypoint in the litigation, as the parties could seek further review of the Fifth Circuit panel decisions by an en banc Fifth Circuit, the Supreme Court, or both. At that juncture, Defendants' argument will be the same: further clarity from the Fifth Circuit or the Supreme Court justifies staying this case even longer. That would further delay proceedings in this case far beyond Spring 2026 and Plaintiff's next *Draggieland* performance, when Defendants believe further actions in this case will become "necessary or expected." (Mot. 5.) It is unlikely

---

[3] Practitioner's Guide to the U.S. Court of Appeals for the Fifth Circuit at pp. 4, 36 (Dec. 2024), *available at* https://www.ca5.uscourts.gov/docs/default-source/forms-and-documents---clerks-office/documents/practitionersguide.pdf.

[4] Notably, the Fifth Circuit denied the appellants' motion to expedite the appeal. Unpub. Order, *Spectrum WT v. Wendler*, 23-10994 (Fifth Cir., Oct. 11, 2023), Dkt. 22-2.

6

the Fifth Circuit—which "normally holds en banc sessions in January, May, and September"[5]—would hold an en banc hearing (let alone issue a ruling), or that the Supreme Court would rule on a certiorari petition by then.

Defendants attempt to impose a gloss of objectivity by sunsetting the stay 30 days after a Fifth Circuit panel opinion. Still, there is no way to forecast when either panel opinion will issue, and so any stay's length would be indefinite in effect. And its rationale invites still further delay, sapping the stay's length of even its illusory lifespan.

And all for no benefit. Defendants assert that the "anticipated rulings" in *Woodlands Pride* and *Spectrum WT* "may" be "determinative." (Mot. 4.) But that's far from certain—and far from good cause. In opposing the motion for a preliminary injunction, for example, Defendants distinguished *Woodlands Pride* as having "many important differences" from this case, noting that *Woodlands* involved a discrete legislative enactment imposing criminal penalties on certain "performances on public property, on the premises of a commercial enterprise, or in the presence of a child," which Defendants observed were issues not "present here." (Mem. in Opp. to Mot. for Prelim. Inj. (ECF No. 20) at 9). Defendants' strategic change in posture aside, those distinguishing factors negate their claims now that the Fifth Circuit's opinion will be "determinative" (Mot. 5) of the core First Amendment principles at issue here. And while *Spectrum WT* also involves a ban on campus drag shows, it still involves different parties, a different performance, a different ban, and at a different procedural posture. In short, *Spectrum WT* is not on all fours with this case. And even if it presented identical issues, a stay premised on the resolution of the *Spectrum WT* matter would still be indefinite in length.

---

[5] Practitioner's Guide to the U.S. Court of Appeals for the Fifth Circuit, *supra* n.1, at p. 37.

Defendants' position would establish good cause whenever another court's future decisions might come to bear on an ongoing litigation. But that is not how our legal system works. Issues do not advance by one litigant at a time. As this case, *Woodlands Pride*, and *Spectrum WT* underscore, individual litigants frequently present unique and distinguishing characteristics that may come to bear on the legal issues. Even the Supreme Court frequently considers comparable cases side-by-side as companions—particularly in the context of First Amendment cases. *See, e.g.*, *Lindke v. Freed*, 601 U.S. 187 (2024) & *O'Connor-Ratcliff v. Garnier*, 601 U.S. 205, 208 (2024) (noting the Court granted certiorari in *Lindke* and *O'Connor-Ratcliffe*, both decided the same day, to resolve a Circuit split involving public officials' use of social media). Presenting factually developed cases to the courts is a *benefit*—not a cost—of our legal system, and "the inconvenience and costs of piecemeal review" that attend that process is not basis for delay. *Hines*, 531 F.2d at 732–33.

## II. Delay Will Frustrate Plaintiff's Ability to Present Its Cases and Risks Chilling Plaintiff's First Amendment Rights.

The Court should also deny a stay to avoid significant constitutional and practical consequences to Plaintiff. As a constitutional matter, delaying progress toward finality in this matter will jeopardize Plaintiff's First Amendment rights. While Plaintiff was able to organize its 2025 iteration of *Draggieland* because of the preliminary injunction, Defendants have since moved for a stay of that injunction pending appeal. Even if this Court rejects that motion, Defendants will likely seek the same relief from the Fifth Circuit. If the Fifth Circuit stays the preliminary injunction and this Court stays this matter, Plaintiff's ability to organize the 2026 performance faces peril again.

A stay will also have practical risks for Plaintiff's case. A lengthy stay will likely prejudice Plaintiff's ability to develop its claims "by risking the loss of evidence as witnesses become unavailable and memories fade." *Allvoice Developments US, LLC v. Microsoft Corp.*, No. 6:09-

8

CV-366, 2010 WL 11469800, at *4 (E.D. Tex. June 4, 2010); *see also, e.g., Anascape, Ltd. v. Microsoft Corp.*, 475 F.Supp.2d 612, 617 (E.D. Tex. 2007) (witnesses more likely to be located if discovery is not stayed and plaintiff will be at a tactical disadvantage if witnesses are lost).

That is no idle concern here. First, Defendant Chancellor Sharp—a percipient witness because of his involvement in effectuating the resolution (*see* ECF No. 1-2)—is to retire on June 30, 2025, frustrating Plaintiff's ability to obtain his testimony. Second, while Defendants correctly observe Plaintiff is an organizational (not individual) plaintiff, it is necessarily composed of individual students who are transitory members of the campus community. As students matriculate and graduate, preserving institutional memory and records becomes more difficult, inhibiting the organization's ability to prepare and present its case to the Court.

## **CONCLUSION**

Defendants have filed an Answer and this case is ripe for factual development. Departing from the strong presumption in favor of discovery is not likely to achieve any substantial goal, but will delay Plaintiff's ability to develop the factual record, pursue its claims in this Court and, if necessary, seek review by the Fifth Circuit. This Court should deny Defendants' motion.

Dated: May 15, 2025                              Respectfully submitted,

/s/ JT Morris
JT Morris (Tex. Bar No. 24094444; S.D. Tex. Bar No. 3163670)
FOUNDATION FOR INDIVIDUAL RIGHTS AND EXPRESSION (FIRE)
(215) 717-3473
700 Pennsylvania Ave., Suite 340
Washington, DC 20003
jt.morris@thefire.org

Adam Steinbaugh (Cal. Bar No. 304829)*
Jeffrey D. Zeman (Mich. Bar No. P76610)*

9

        FOUNDATION FOR INDIVIDUAL RIGHTS
           AND EXPRESSION (FIRE)
510 Walnut St., Suite 900
Philadelphia, PA 19106
adam@thefire.org
jeff.zeman@thefire.org

\* Admitted *pro hac vice*.

**Attorneys for Plaintiff**
**Texas A&M Queer Empowerment Council**

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 15th day of May, 2025, a true and correct copy of Plaintiff's opposition memorandum was served to all counsel of record via the CM/ECF system.

/s/ *JT Morris*