**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

TEXAS A&M QUEER EMPOWERMENT COUNCIL,

*Plaintiffs*,

v.

WILLIAM "BILL" MAHOMES, ROBERT L. ALBRITTON, DAVID C. BAGGETT, JOHN W. BELLINGER, JAMES R. "RANDY" BROOKS, JAY GRAHAM, MICHAEL A. "MIKE" HERNANDEZ III, MICHAEL J. PLANK, SAM TORN, and CAGE SAWYERS in their official capacities as members of the Board of Regents of the Texas A&M University System;

JOHN SHARP, in his official capacity as Chancellor of the Texas A&M University System, and

MARK A. WELSH III, in his official capacity as President of Texas A&M University, Defendants.

*Defendants.*

CASE NO. 4:25-cv-992

---

**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO STAY**

---

Defendants WILLIAM MAHOMES, ROBERT L. ALBRITTON, DAVID C. BAGGETT, JOHN W. BELLINGER, JAMES R. BROOKS, JAY GRAHAM, MICHAEL A. HERNANDEZ III, MICHAEL J. PLANK, SAM TORN, AND CAGE SAWYERS, in their official capacities as members for the Board of Regents of Texas A&M University System; JOHN SHARP, in his official capacity as Chancellor of Texas A&M University, and MARK A. WELSH III, in his official capacity as President of Texas A&M University, file this reply in support of their motion to stay proceedings pending decision in either *Spectrum WT v. Wendler*, No. 23-10994, or *Woodlands Pride, Inc. v. Paxton*, No. 23-230480. ECF 35.

**ARGUMENT**

In determining whether to grant a stay, courts consider the following factors: "(1) any hardship imposed on the moving party by proceeding with the action, (2) any prejudice to the non-moving party if the stay is granted, and (3) the interests of judicial economy." *Coastal (Bermuda) Ltd. v. E.W. Saybolt & Co.*, 761 F.2d 198, 203 n.6 (5th Cir. 1985). These factors weigh in favor of a stay, because:

1) Rulings in *Spectrum WT* and *Woodlands Pride* may very well be determinative and at a minimum will narrow the issues and streamline discovery in this case, conserving time and resources of the parties;
2) A brief stay causes no harm or prejudice to Plaintiff;
3) A brief stay will likely avoid extensive briefing and argument before the Court, serving the interest of judicial economy; and
4) Plaintiff is unopposed to a similar abeyance in the pending appeal in this case.

**1. <u>A brief stay in this case avoids undue hardship.</u>**

As Plaintiff concedes, a brief or moderate stay "may be appropriate" and is within the "court's discretion." Response, pg. 5. Contrary to Plaintiff's assertion, Defendants are not requesting a prolonged, indefinite stay in this case. Oral arguments were held on April 29, 2024 and October 9, 2024 in *Spectrum WT* and *Woodlands Pride*, respectively. Thus, opinions in these cases should issue soon. Indeed, on March 20, 2025, a ruling issued in

*Jackson v. Noem*, No. 23- 11038 which was argued a day after *Spectrum WT* before the same panel — the *Jackson* opinion was written by Judge Southwick with a concurring opinion by Judge Ho and dissenting opinion by Judge Dennis.

Plaintiff's attempt to distinguish the issues presented in *Spectrum WT* and *Woodlands Pride* do not hold water. Not only are the issues nearly identical in *Spectrum WT* and very similar in *Woodlands Pride*, but *Spectrum WT* also includes a common defendant—Chancellor Sharp. Both *Spectrum WT* and *Woodlands Pride* present the question of whether a drag show is expressive conduct. *Spectrum WT* also involves the question whether campus event venues are limited public forums. As such, the rulings in *Spectrum WT* and/or *Woodlands Pride* will necessarily influence further proceedings in this case and potentially eliminate the need for a trial altogether. A brief stay pending decisions in these cases will conserve the parties' resources by alleviating the need at this time for discovery or briefing.

**2. Plaintiff can claim no harm.**

A brief stay will not jeopardize Plaintiff's First Amendment Rights. The Draggieland performance took place as originally scheduled on March 27, 2025, and the requested stay will almost certainly be lifted prior to Plaintiff's scheduling of its next drag show in Spring 2026.

Plaintiff summarily claims that a "lengthy stay" will result in the loss of evidence, but Plaintiff fails to articulate any legitimate concern regarding how a brief stay will prejudice its ability to conduct discovery in this case, nor does it proffer any concrete evidence of injury or prejudice. As Defendants note in their motion, documents that might be relevant to this case are subject to litigation hold and will be preserved accordingly. And Plaintiff's concern about the timing of Chancellor Sharp's retirement date of June 30, 2025, and how that may frustrate Plaintiff's ability to obtain his testimony, is also unwarranted. There are clearly ways to depose persons that have retired from employment, just as there are ways to depose persons that are terminated or resign. Plaintiff has failed to identify any evidence showing that its ability to conduct discovery in this case will be frustrated by a brief stay.

**3. <u>A brief stay serves the interest of judicial economy.</u>**

Plaintiff's Response does not contest that a brief stay will serve the interest of judicial economy. As noted in Defendants' motion (ECF 35, pg. 5), rulings from the Fifth Circuit will clarify the scope of the issues and likely significantly reduce the number of issues requiring briefing and argument before the Court, thereby conserving judicial resources.

**4. <u>Plaintiff is unopposed to a similar stay in the appeal of this case.</u>**

On May 21, 2025, Defendants filed an unopposed motion to hold the appeal in this case in abeyance pending the outcome of *Spectrum WT* and *Woodlands Pride*. Case 25-20108, ECF 20. As here, the argument for abeyance at the appellate level is to preserve judicial resources pending proceedings that may affect the outcome of this case.

## CONCLUSION

The Defendants respectfully request this Court stay proceedings in this case until 30 days following a decision in *Spectrum WT* and/or *Woodlands Pride*, at which time the parties will submit a joint status report detailing the effect of such a decision and proposed next steps in this litigation.

Dated May 22, 2025.

KEN PAXTON
Attorney General

BRENT WEBSTER
First Assistant Attorney General

RALPH MOLINA
Deputy First Assistant Attorney General

RYAN D. WALTERS
Deputy Attorney General for Legal Strategy

RYAN G. KERCHER
Chief, Special Litigation Division

Respectfully submitted.

*/s/ Wade Johnson*
WADE A. JOHNSON
Special Counsel
Tex. State Bar No. 24062197
SDTX No. 1055556

ZACHARY BERG
Special Counsel
Tex. State Bar No. 24107706
SDTX No. 3481711

MARK A. CSOROS
Assistant Attorney General
Texas State Bar No. 24142814
SDTX No. 3896171

OFFICE OF THE ATTORNEY GENERAL OF TEXAS
Special Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Tel.: (512) 463-2100
Wade.Johnson@oag.texas.gov
Mark.Csoros@oag.texas.gov

**COUNSEL FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I certify that a true and accurate copy of the foregoing document was filed electronically (via CM/ECF) on May 22, 2025 and that all counsel of record were served by CM/ECF.

*/s/Wade Johnson*
WADE JOHNSON